**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**FEB 23 2000**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERIA,

      Plaintiff-Appellee,

v.

RAUL RAMIREZ-ESPINOZA,

      Respondent-Appellee.

No. 99-4158
(D.C. No. 99-CV-79-W)
(D. Utah)

**ORDER AND JUDGMENT**[*]

Before **SEYMOUR**, Chief Judge, **EBEL** and **BRISCOE**, Circuit Judges.

      Repondent-Appellee Raul Ramirez-Espinoza ("Espinoza") pled guilty to the charge of illegal reentry of a deported alien in violation of 8 U.S.C. § 1326 on May 21, 1998. On August 8, 1998, Espinoza was sentenced to seventy-seven months in prison. Espinoza filed a pro se petition under 28 U.S.C. § 2255 on February 10, 1999, to vacate, set aside, or correct the sentence imposed upon him.

---

[*]After examining appellant's brief and the appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a)(2) and 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This Order and Judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

In his petition, Espinoza argued ineffective assistance of counsel for (1) failing to move for a downward departure based on the fact that Espinoza consented not to contest deportation; and (2) failing to move for a three-point downward adjustment for acceptance of responsibility under U.S.S.G. § 3E1.1. The matter was referred to a magistrate judge, who entered a published report and recommendation on June 29, 1999 and a supplemental report and recommendation on July 7, 1999.

Espinoza filed a pro se notice of appeal from the magistrate judge's report and recommendation on July 19, 1999; however, the parties had not consented to final disposition by a magistrate judge. On August 10, 1999, the district court entered an order adopting the magistrate's recommendation and supplemental recommendation, and denying the motion under § 2255. Although Espinoza's notice of appeal was filed prior to the district court's order, this court has jurisdiction over the petition because Espinoza filed a timely "memorandum of jurisdiction," which we may construe as the functional equivalent of a notice of appeal. See Smith v. Barry, 502 U.S. 244, 248-49 (1992) ("If a document filed within the time specified by Rule 4 gives the notice required by Rule 3, it is effective as a notice of appeal."). Espinoza's memorandum of jurisdiction is deemed filed as of August 26, 1999, the date on the certificate of service, which was within the sixty-day filing deadline. See Houston v. Lock, 487 U.S. 266,

275-76 (1988) (stating that an inmate's document is considered filed when turned over to prison officials for mailing).

Because Espinoza filed his § 2255 petition on February 10, 1999, the Antiterrorism and Effective Death Penalty Act ("AEDPA") provision requiring a certificate of appealability applies to Espinoza's appeal. <u>See</u> 28 U.S.C. § 2253. Although the district court did not act on the issue of a certificate of appealability, the notice of appeal is deemed denied pursuant to the General Order of October 1, 1996. <u>See</u> Tenth Circuit Emergency General Order issued October 1, 1996.

Espinoza now appeals the district court's order, arguing that his seventy-seven month sentence was illegal because, under 8 U.S.C. § 1326(a), the maximum sentence is two years. Espinoza's sentence, however, was enhanced pursuant to 8 U.S.C. § 1326(b)(2). He was served with notice of the enhancement and pled guilty after receiving that notice. Therefore, finding no substantial showing of the denial of an important federal right or any other reason justifying further proceedings, we hereby deny a certificate of appealability.

The mandate shall issue forthwith.

ENTERED FOR THE COURT

David M. Ebel
Circuit Judge

- 3 -